IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JASON MANO, | ) | CIVIL NO. 09-00493 ACK-KSC |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | ORDER DISMISSING PETITION |
| | ) | |
| STATE OF HAWAII, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**ORDER DISMISSING PETITION**

Petitioner Jason Mano has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Mano challenges the legality of his sentence, imposed by the State of Hawaii on October 1, 2000, and affirmed by the Hawaii Supreme Court on April 16, 2004. Mano argues that his extended term sentence violates the Hawaii Supreme Court's decision in *State v. Maugaotega*, 115 Haw. 432, 447, 168 P.3d 562, 577 (2007) (holding that Hawaii's extended term statute was "unconstitutional on its face" under *Apprendi v. New Jersey*, 530 U.S. 466 (2000)). Mano is apparently alleging that his extended term sentence violates the rule set forth in *Apprendi*, and its progeny. For the following reasons, the Petition is DISMISSED with leave granted to amend.

**I.   DISCUSSION**

Mano is apparently challenging the extended term sentence imposed on him based on the state trial court's finding that he is a "persistent offender" and "multiple offender,"

within the meaning of Hawaii Revised Statutes § 706-662(1) and (4)(a).[1]

First, because Mano is in custody pursuant to a state court judgment, and is challenging the validity of his sentence, rather than the manner of its execution, he must bring his claims in a § 2254 petition, rather than in a § 2241 petition.  *See White v. Lambert*, 370 F.3d 1002, 1007 (9th Cir. 2004) (concluding "that § 2254 is the exclusive avenue for a state court prisoner to challenge the constitutionality of his detention[.]").  Sections 2241 and 2254 both provide habeas relief to those "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §§ 2241(c)(3) & 2254(a).  Section 2254, however, implements the general grant of habeas corpus authority in § 2241, so long as the person is in custody pursuant to the judgment of a state court.  *White*, 370 F.3d at 1006.  In contrast, § 2241 is "properly understood as a general grant of

---

[1] The facts herein are taken from the Petition and its exhibits, from *Hawaii v. Mano*, Nos. 24486, 24499, unpub., 88 P.3d 209, 104 Haw. 274 (April 16, 2004), and from the public records in Mano's criminal case, available at http://hoohiki2.courts.state.hi. The court recognizes, however, that, until it has the full record, these details are not presented as factually accurate, and are subject to dispute by either party. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689-690 (9th Cir. 2001) (a court may take judicial notice of the existence of matters of public record, such as a prior order or decision, but not the truth of the facts cited therein); *see also U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (holding that a court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

habeas authority that provides federal court jurisdiction to a state prisoner when that prisoner is not in custody pursuant to a 'state court judgment.'" *Id.* Mano must therefore bring his claim for relief in a § 2254 petition.

Second, Mano incorrectly names the State of Hawaii as Respondent. A petitioner seeking a writ of habeas corpus under § 2254 must name the state officer having custody of him or her as the respondent to the petition. *See Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994); Rule 2(a) 28 U.S.C. foll. § 2254. The correct respondent will normally be the warden of the facility in which the petitioner is incarcerated, or the chief officer in charge of state penal institutions. *Id.* (citing *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992)). A petitioner's failure to name the custodian of his place of confinement as respondent deprives the federal court of personal jurisdiction. *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996). Mano must name the correct respondent.

Third, insofar as Mano challenges his extended sentence under *Maugaotega*, he must raise the claim first with the Hawaii courts. It does not appear that he has done so. A prisoner attacking a state conviction must exhaust state remedies before a federal court will entertain a petition for writ of habeas corpus. *Rose v. Lundy*, 455 U.S. 509; *Szeto v. Rushen*, 709 F.2d 1340 (9th Cir. 1983). To exhaust state remedies, a petitioner

must fairly present his claims to the highest state court within a state's standard review process in order to provide the state with an opportunity to rule on the merits of his federal claims. *See Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999).

Mano states that, other than his direct appeal, decided in April 2004, he has not filed any other petition, application, or motion in the state courts regarding his sentence. (Pet. at 4.) As *Maugaotega* was decided in 2007, three years after Mano's direct appeal concluded, he could not have brought his present claim, that he has been improperly sentenced to an extended term pursuant to *Maugaotega*, to the state courts. Mano must bring a state post-conviction proceeding under the Hawaii Rules of Penal Procedure, in the Hawaii state courts so that they may correct his sentence, if warranted. Because Mano asserts that he has not done so, his sole ground for relief in this petition is unexhausted. Mano must explain how he has fully-exhausted his claim in the state courts.

Fourth, if this court were to conclude that Mano exhausted his *Apprendi* claim in the state courts on direct appeal, as it appears, then Mano's claim for relief in this Petition is likely time-barred. *See* 28 U.S.C. § 2244(d).[2/]  As

---

[2/] 28 U.S.C. § 2244(d)(1) provides a one year period of limitation on applications for writ of habeas corpus by persons in custody pursuant to state court judgments. The limitation period runs from the latest of–

noted, Mano's direct appeal concluded in April 2004. Mano then had the opportunity to raise his claim to the United States Supreme Court. The Petition does not reflect that Mano did so. Mano's direct appeal would have then become final ninety days after judgment on appeal was filed in the Hawaii courts. *See Clay v. United States*, 537 U.S. 522, 527 (2003). The statute of limitation would have begun to run the next day, and, barring statutory or equitable tolling, expired one year later, in 2005. It was incumbent on Mano to file a federal habeas petition within one year after the date of finality of his conviction. It does not appear that he has done so. Had he done so, and his claim had merit, he would have been granted habeas relief at that time. *See e.g. Kaua v. Frank*, 350 F. Supp. 2d 848 (D. Haw. 2004) (granting habeas petition, finding that Hawaii's extended term

---

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

sentencing regime was contrary to, and an unreasonable application of, clearly established federal law); *Jess v. Peyton*, No. 04-00601, unpub., 2006 WL 1041737 (D. Haw. Apr. 18, 2006); *Kamana'o v. Peyton*, No. 05-00681, unpub. 2006 WL 1775869 (D. Haw. Jun. 21, 2006).  Moreover, even if this court could excuse this failure, and determine that Mano's claim for relief did not accrue until *Maugaotega* was decided in October 2007, Mano still does not explain why he waited two more years before pursuing this claim in the federal court.

## II. CONCLUSION

Based on the foregoing, it is HEREBY ORDERED that:

1.  Mano's petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 is DISMISSED without prejudice. Mano is GRANTED **thirty [30] days**, as calculated from the date of this order, to file an amended petition (1) properly asserting jurisdiction under 28 U.S.C. § 2254; (2) naming a proper respondent; (3) and addressing the court's concerns that Mano's claim for relief is unexhausted and/or time-barred.

2. The amended petition must be on this court's forms. Pursuant to Local Rule 10.3, the amended petition must "reproduce the entire pleading as amended and may not incorporate any part of a prior pleading by reference, except with leave of court." The amended petition must be labeled "Amended Petition" and must bear the docket number assigned this case.  Failure to file an

Amended Petition **within thirty [30] days** of this order, will result in the AUTOMATIC DISMISSAL of this action without prejudice.

    3. The Clerk is DIRECTED to send Mano the court's forms for filing a petition pursuant to 28 U.S.C. § 2254, so that he may adequately amend his Petition according to the directions of this Order.

    IT IS SO ORDERED.

    DATED: Honolulu, Hawaii, October 27, 2009.



_____
Alan C. Kay
Sr. United States District Judge

*Mano v. Hawaii*, Civ. No. 09-00493 ACK-KSC; Order Dismissing Petition; pro se attys/Habeas/ DMP 2009/ Mano 09-493 (2241 or 2254)